# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL HERNANDEZ-CARILLO, | Case No. 1:19-cv-00253-LJO-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| STEVEN LAKE, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. In 2009, Petitioner was convicted by a jury of conspiracy to possess with intent to distribute over 1000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and engaging in a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. § 848. (ECF No. 1 at 1).[1] The United States District Court for the Southern District of Ohio sentenced Petitioner to 360 months for the conspiracy count and life for the CCE count. The district court also ordered that Petitioner forfeit certain property, including approximately $250,000 in cash. On

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

appeal, the Sixth Circuit vacated Petitioner's conspiracy conviction as it was a lesser-included offense of CCE. (ECF No. 1 at 10); see United States v. Hernandez-Carrillo, 511 F. App'x 530, 530 (6th Cir. 2013) (per curiam).

On remand, the district court amended the judgment by vacating Petitioner's conspiracy sentence but left the remainder of the original judgment intact. (ECF No. 1 at 10). The conspiracy count was dismissed from the indictment with prejudice. See Hernandez-Carrillo, 511 F. App'x at 530. Petitioner appealed, arguing "that the forfeiture judgment should be considered dismissed because the district court failed to address it in the court's amended judgment." (ECF No. 1 at 10). The Sixth Circuit affirmed, stating that its prior decision "cannot be reasonably interpreted as intending to vacate the forfeiture counts, which [were] not address[ed] in Hernandez-Carrillo's original appeal." Hernandez-Carrillo, 511 F. App'x at 531.

In 2014, Petitioner filed a motion under 28 U.S.C. § 2255, asserting the following claims: (1) Eighth Amendment violation; (2) ineffective assistance of counsel; and (3) insufficient evidence to sustain Petitioner's conviction. (ECF No. 1 at 10). The district court denied the ineffective assistance of counsel claim on the merits and found Petitioner's remaining claims were procedurally barred. The Sixth Circuit affirmed. (ECF No. 1 at 11).

In 2016, Petitioner filed a motion pursuant to Federal Rule of Criminal Procedure 41(g), requesting the return of his forfeited property. (ECF No. 1 at 11). The district court found that a Rule 41(g) motion was not the proper vehicle for challenging a criminal forfeiture judgment, and the Sixth Circuit affirmed. (Id.). In 2018, Petitioner filed an application for authorization to file a second or successive § 2255 motion in light of Nelson v. Colorado, 137 S. Ct. 1249 (2017). (ECF No. 1 at 11). On January 25, 2019, the Sixth Circuit denied the application. (Id. at 40–43).

On February 22, 2019, Petitioner filed the instant petition for writ of habeas corpus, asserting that he is actually innocent of the criminal forfeiture count. (ECF No. 1 at 6).

## II.

## DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). A federal prisoner who wishes to

challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864–65. The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

"An inquiry into whether a § 2241 petition is proper under these circumstances is critical to the determination of district court jurisdiction" because § 2241 petitions must be heard in the custodial court while § 2255 motions must be heard in the sentencing court. Hernandez, 204 F.3d at 865. If the instant petition is properly brought under 28 U.S.C. § 2241, it may be heard in this Court. Conversely, if the instant petition is in fact a disguised § 2255 motion, it must be heard in the sentencing court, which is the United States District Court for the Southern District of Ohio.

A petitioner may proceed under § 2241 pursuant to the savings clause when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060). In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 savings clause is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998).

Stephens, 464 F.3d at 898. In Bousley, the Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623 (internal quotation marks and citation omitted). Furthermore, "actual innocence means factual innocence, not mere legal insufficiency." Id.

In the petition, Petitioner asserts that he is actually innocent of criminal forfeiture related to the conspiracy count, which was vacated, and was denied adequate due process. (ECF No. 1 at 6). Petitioner relies on Nelson v. Colorado, 137 S. Ct. 1249 (2017), which invalidated a Colorado law that allowed "the State [to] retain[] conviction-related assessments unless and until the prevailing defendant [whose conviction was invalidated by a reviewing court] institutes a discrete civil proceeding and proves her innocence by clear and convincing evidence." Id. at 1252. The Supreme Court found that "[a]bsent conviction of a crime, one is presumed innocent," and thus, Colorado's "scheme . . . offends the Fourteenth Amendment's guarantee of due process." Id. at 1252. The Supreme Court held that "[t]o comport with due process, a State may not impose anything more than minimal procedures on the refund of exactions dependent upon a conviction subsequently invalidated." Id. at 1258.

Here, however, Petitioner does not demonstrate actual, factual innocence. Rather, Petitioner appears to argue that the Sixth Circuit's order vacating his conspiracy conviction also vacated the forfeiture judgment. Although the Sixth Circuit vacated the conspiracy conviction as a lesser-included offense, Petitioner's conviction for engaging in a continuing criminal enterprise was affirmed. As the CCE offense necessarily incorporated the lesser-included conspiracy, Petitioner has not shown that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him," Bousley, 523 U.S. at 623 (internal quotation marks and citation omitted), or that it is more likely than not that no reasonable juror would found the forfeited "property constitut[ed], or derived from, any proceeds obtained, directly or indirectly, as a result of such violation," 21 U.S.C. § 853(a)(1).

Based on the foregoing, the Court finds that Petitioner has failed to establish a cognizable claim of actual innocence for purposes of qualifying to bring a § 2241 habeas petition under the

escape hatch or savings clause of 28 U.S.C. § 2255(e). Therefore, this Court lacks jurisdiction over the petition.

### III.

### RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be dismissed for lack of jurisdiction.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __April 3, 2019__

UNITED STATES MAGISTRATE JUDGE