# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL HERNANDEZ-CARILLO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>STEVEN LAKE,<br><br>　　　　Respondent. | Case No. 1:19-cv-00253-LJO-SAB-HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(ECF No. 7) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On April 3, 2019, the Magistrate Judge issued Findings and Recommendation that recommended dismissing the petition for lack of jurisdiction because Petitioner failed to meet the criteria to bring a § 2241 habeas petition under the escape hatch or savings clause of § 2255(e). (ECF No. 7). The Findings and Recommendation was served petitioner and contained notice that any objections were to be filed within thirty (30) days of the date of service of the Findings and Recommendation. On May 16, 2019, the Court received Petitioner's objections.[1] (ECF No. 8).

///

---

[1] Attached to the objections is a memorandum issued by the United States Penitentiary in Atwater, California, indicating that the facility was in lockdown status from March 24, 2019 until April 29, 2019, "which may have caused delays in preparation and/or submission of legal documents in a timely manner." (Doc. No. 8 at 3).

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Findings and Recommendation is supported by the record and proper analysis. As Petitioner concedes in his objections, Petitioner cannot meet the actual innocence standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998), with respect to a conviction. (ECF No. 8 at 2). To the extent Petitioner asserts that he is actually innocent of his sentence, the Court notes that the Ninth Circuit has "not yet resolved the question whether a petitioner may ever be actually innocent of a noncapital sentence for the purpose of qualifying for the escape hatch." Marrero v. Ives, 682 F.3d 1190, 1193 (9th Cir. 2012).

"Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a [certificate of appealability]." Harrison v. Ollison, 519 F.3d 952, 958 (9th Cir. 2008). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

A court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner's federal habeas corpus petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued on April 3, 2019 (ECF No. 7) is ADOPTED;
2. The petition for writ of habeas corpus is DISMISSED;
3. The Clerk of Court is directed to CLOSE the case; and
4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **September 30, 2019**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE